CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Proposed Attorneys for Debtor-In-Possession

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Project Pizza NOE, LLC,<br><br>Debtor. | Case No. 26-30206 HLB<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF USE OF CASH COLLATERAL**<br><br><u>Preliminary Hearing of Interim Use of Cash Collateral</u><br>Date: TBD<br>Time: TBD<br>Ctrm: Via Zoom or in Person<br><br><u>Final Hearing on Use of Cash Collateral</u><br>Date: TBD<br>Time: TBD<br>Ctrm: Via Zoom or in Person |

**TO:** **Parafin, Inc. (Doordash); InKind Cards, Inc California Dept. of Tax & Fee Admin**.:

## I. INTRODUCTION

Debtor and Debtor-In-Possession Project Pizza NOE, LLC ("Debtor") submits this motion for an order approving use of cash collateral first on an interim basis and then on a final basis ("Motion") authorizing the Debtor to use any and all cash collateral of the secured creditors ("Secured Creditors") listed in **Exhibit A** to the Declaration of Brandon Gillis in Support of First

Motion for Approval of Cash Collateral -1-
Case: 26-30206    Doc# 5    Filed: 03/09/26    Entered: 03/09/26 14:55:36    Page 1 of 8

Day Motions (the "Omnibus Declaration") and as **Exhibit A** to this Motion, and for the Court to determine the conditions set forth herein for use of cash collateral.

The Debtor seeks use of Creditors' cash collateral in the form of its cash (if applicable), revenue from operations, and accounts receivables ("Cash Collateral") on an interim basis thru and including March 30 2026 ("Initial Period") to pay necessary operation expenses, including payroll (pre and post-petition), the Debtor's business normal operations pending a hearing on the entry of a final order, at which time the Debtor shall seek authority to use Cash Collateral through an expiration date by court order. Attached as **Exhibit C** to the Omnibus Declaration is a proposed budget setting forth the expenses on a weekly basis and request permission to pay those expenses with the cash collateral, to the extent applicable.

This Motion is based on the Memorandum of Points and Authorities set forth herein, the Notice of Hearing on First Day Motions (the "Omnibus Notice"), the Omnibus Declaration filed concurrently herewith and incorporated herein by reference, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented at the hearing on the Motion.

## II. JURISDICTION

On March 6, 2026 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California.

The Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## III. FACTUAL BACKGROUND

1. The Debtor operates a full-service Italian restaurant that serves both food, beer and wine. To the extent the Debtor has any inventory, the inventory is used quickly to prepare meals and the value of said inventory is de minimis. The Debtor's revenue comes from customers paying onsite when they eat their food. Regardless of the existence of traditional accounts receivables or "cash collateral," the Debtor is bringing this motion to use cash collateral to provide the court and creditors transparency as to its revenue and expenses at the early stage of this case.

1. As of the petition date, the Debtor has approximately $7,565 in its deposit accounts and an receivable in the amount of $18,806 from Door Dash (subject to reconciliation) (collectively the "Cash Collateral").

2. Set forth on **Exhibit A** is a list of parties who are believed to hold security interest in the Debtor's assets and the approximate balance owing to each Secured Creditor.

3. The Debtor proposes in order to provide adequate protection to the secured creditors, post-petition replacement liens in the same amounts and priority as the secured parties existing rights in the cash collateral (as may later be determined in this case).

4. Attached as **Exhibit C** to the Omnibus declaration is a proposed budget for the Debtor's operations through December 2025 (the "Cash Collateral Budget").

5. If the Cash Collateral Motion is approved by the Court, the Debtor will limit its use of the cash collateral to the line items set forth in the Cash Collateral Budget, with a permitted variance not to exceed the amount of each category by ten percent (10%) per line item. Before the Debtor will be allowed to pay an amount in excess of this permitted variance per line item, the Debtor will be required to first get a further order of this court.

6. Allowing the use of cash collateral proposed in the Cash Collateral Budget will preserve the position of the secured parties who have security interests in the Debor's assets, while allowing the Debtor to continue its necessary operations and providing the necessary time to formulate and implement a plan of reorganization in its Chapter 11 case.

### A. Unsecured Creditors and Other Claims

The Debtor has non-insider, unsecured debt in the approximate amount of $275,639. There are priority wage claims in the estimated amount of $37,302 which the Debtor is requesting to pay pursuant to its First Day Motions.

### B. Debtor's Assets

The Debtor's tangible assets are described and valued as follows:

| ASSET | VALUE OF ASSET |
|---|---|
| Inventory | $24,220 |

| Cash in Deposit Accounts | $7,565 |
|---|---|
| Account Receivable | $18,806 |
| Equipment | $2,431 |
| **TOTAL** | **$53,022** |

## IV.  ARGUMENT

**A. Use of Cash Collateral Should be Approved Pursuant to 11 U.S.C. § 363 of the Bankruptcy Code.**

The Debtor's use of property of its estate is governed by Section 363 of the Bankruptcy Code Section 363(c) (1) provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section ... 1108 . . . of this Title and unless the Court orders otherwise, the Trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or hearing.  11 U.S.C. § 363(c) (1).

A debtor-in-possession has all the rights and powers of a Trustee with respect to property of the estate, including the right to use property of the estate in compliance with Section 363.  See 11 U.S.C. § 1107(a).

Section 363(c)(2) establishes a special requirement with respect to "cash collateral," by providing that the Trustee or debtor-in-possession may not use, sell or lease "cash collateral" under subsection (c)(1) unless:

(A)    Each entity that has an interest in such collateral consents; or

(B)    The Court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

 "Cash collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or cash equivalents in the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a).  It is universally acknowledged that the Debtor's cash "is the life's blood of the business," and the Bankruptcy Court must assure that such "life's blood is available for use, even if to a limited extent." *In re Mickler*, 9 BR 121, 123 (Bankr. M.D. Fla. 1981).

## B. The Secured Creditors Are Adequately Protected.

The secured creditors whose cash collateral the Debtor seeks permission to use are entitled to protection from the Debtor's use of cash collateral. Although adequate protection is not defined in the Bankruptcy Code, 11 U.S.C. § 361 provides the following three non-exclusive examples of what may constitute adequate protection:

> (1) Requiring the Trustee to make a cash payment or periodic cash payments to such entity, to the extent that the . . . use. . under section 363 of this Title . . . results in a decrease in the value of such entity's interest in such property.
>
> (2) Providing to such entity an additional or replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property; or
>
> (3) Granting such relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

Neither § 361 nor any other provision of the Bankruptcy Code defines the nature and extent of the "interest in property" to which a secured creditor is entitled to adequate protection under Section 363. The statute plainly provides, however, that a qualifying interest demands protection only to the extent that the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property." 11 U.S.C. §§ 361 and 363(e). *United Savings Ass'n of Texas v. Timbers of Inwood Forrest Assocs., Ltd*. 484 US 365, 108 S.Ct. 626, 98 L. Ed. 2d 740 (1988).

The Debtor does not believe that the post-petition revenue from the sale of inventory generates cash collateral subject to the secured creditor's lines but brings this Motion for approval of continued use of Cash Collateral out of an abundance of caution to conduct the business operations will preserve, and indeed, maximizes the value of the Secured Creditors' collateral.

The Debtor proposes in order to provide adequate protection to the Secured Creditors, post-petition replacement liens in the same amounts and priority as the Secured Creditors existing rights in the cash collateral (as may later be determined in this case).

**C. Certification that the Proposed Relief Complies with the Court's Guidelines.**

The undersigned Certifying Professional has read the accompanying motion or stipulation and the Cash Collateral – Post-Petition Financing Introductory Statement; to the best of my knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the motion or stipulation are in conformity with the Court's Guidelines For Cash Collateral And Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor in possession that the court may grant appropriate relief if the court determines that a material element of the motion or stipulation was not adequately disclosed in the Introductory Statement.

## V. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order:

(a) Granting the Motion and approving the use of Cash Collateral on an interim basis pending a final hearing on this matter;

(b) Establish a final hearing date and set deadlines by which the Debtor must serve appropriate parties under F.R.B.P. 4001 and last date to file objections to the Motion; and

(c) Any further relief this Court deems appropriate.

Dated: March 9, 2026                                    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Chris D. Kuhner
(Bar No. 173291)
Proposed Attorneys for Debtor-In-Possession

Motion for Approval of Cash Collateral -6-
Case: 26-30206   Doc# 5   Filed: 03/09/26   Entered: 03/09/26 14:55:36   Page 6 of 8

# EXHIBIT A

| Creditor | Amount |
|---|---|
| Parafin, Inc. (Doordash) | $41, 174 |
| InKind Cards, Inc. | $52,448 |
| California Dept. of Tax & Fee Admin | $131,456 (two liens) |